17-850
Lin v. Whitaker

BIA
Hom, IJ
A205 583 081

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of December, two thousand eighteen.

PRESENT:
         GUIDO CALABRESI,
         PETER W. HALL,
         DEBRA ANN LIVINGSTON,
              *Circuit Judges.*
_____

SHIJING LIN, AKA XUE JING LIN,
         *Petitioner,*

         v.                                    17-850
                                               NAC
MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:        Joshua Bardavid, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General, Civil Division;
                       Song E. Park, Senior Litigation
                       Counsel, Office of Immigration
                       Litigation; Matt A. Crapo, Trial
                       Attorney, Office of Immigration
                       Litigation, United States
                       Department of Justice, Washington,
                       DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Shijing Lin, a native and citizen of the People's Republic of China, seeks review of a March 15, 2017, decision of the BIA affirming a July 26, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shijing Lin,* No. A205 583 081 (B.I.A. Mar. 15, 2017), *aff'g* No. A205 583 081 (Immig. Ct. N.Y. City Jul. 26, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA decision, i.e., minus the adverse credibility finding that the BIA did not assess and the BIA's rejection of the IJ's finding that there was available evidence to document Lin's alleged arrest, detention, and fine. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Chuilu Liu v. Holder*, 575 F.3d 193, 196 (2d Cir. 2009).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii); *see also Chuilu Liu*, 575 F.3d at 196-97. "In determining whether the applicant has met [his] burden, the trier of fact may weigh the credible testimony along with other evidence of record. Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii).

Because the BIA did not reach the IJ's adverse credibility determination, we presume Lin to be credible. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Given this presumption of credibility, the BIA should have identified why Lin's testimony was lacking to the extent that corroboration was necessary. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005) ("We require a certain minimum level of

3

analysis from the IJ and BIA opinions denying asylum . . . if judicial review is to be meaningful."). Accordingly, we remand for further explanation as to why corroboration was required.

In addition, given the BIA's conclusion that there was likely no available corroboration for Lin's arrest, detention, and fine, we find insufficient grounds for the BIA's denial of relief on corroboration grounds as currently explained. There is little support for the agency's conclusion that documentary evidence of medical treatment is reasonably available because the record does not support the agency's conclusion that Lin received any treatment. There is no reference to medical treatment in Lin's application, his direct testimony, or his supporting evidence. The only reference to any medical treatment came when the IJ questioned Lin directly. When asked by the IJ if he saw a doctor, Lin said "[y]es, doctor for injury, um-hum." But when the IJ asked why Lin did not get a letter from the doctor, Lin said that "the injury doctor just told the person to come and take a look at me. Took a look at me and then just went away." It is unclear who "the person" was or if Lin actually visited a doctor or a

4

hospital.  Given this lack of clarity, the agency did not sufficiently explain why a doctor's affidavit or hospital records were reasonably available.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Poradisova*, 420 F.3d at 77.

The BIA also failed to assess the country conditions evidence in light of Lin's presumptively credible testimony. The BIA determined that the background evidence was generalized and insufficient to demonstrate that Lin would be singled out for persecution, but conceded that it showed raids on unregistered churches and detention of leaders and missionaries.  Assuming the credibility of Lin's testimony and given both the BIA's conclusion that evidence of his arrest and detention was not reasonably available, and the problem discussed above with the agency's demand for medical evidence, the BIA missed a step in its analysis.  Given the credible testimony and the lack of available corroboration, the BIA failed to explain why Lin did not establish past persecution and thus why there was no resulting presumption of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1) (presumption of future persecution applies where applicant has established past persecution).

5

We remand for further consideration of Lin's claims either in light of the IJ's adverse credibility determination or with explanation of why Lin failed to meet his burden of proof if his testimony is presumed credible.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk